THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM JOSEPH BENGE, Defendant-Appellant.

Fourth District   No. 4—89—0426

Opinion filed March 28, 1990.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

The issue presented is whether a cabin, used primarily on weekends, is a dwelling for purposes of the residential burglary statute. Ill. Rev. Stat. 1987, ch. 38, par. 19—3.

The Adams County circuit court convicted defendant of residential burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—3) and burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—1) on February 16, 1989. During the early morning hours of October 4, 1988, defendant, Ronnie Smith, and Robert Ruby were returning to Quincy, Illinois, from Carthage, Illinois. They drove along North Bottoms Road, a road which parallels the Mississippi River. Smith indicated his mother owned a cabin in the area and suggested they could break into the cabin, remove items of value, and sell them in order to purchase narcotics. Defendant, who was driving, left the road and drove over a levee. They drove around the area until they found a cabin Smith believed belonged to his mother. He had never seen the cabin and did not know its exact location.

Smith testified they got out of the car and went to the cabin door. The cabin was unoccupied. Defendant returned to his car, removed a pair of bolt cutters from the trunk and cut the padlock on the cabin door. They entered the cabin and removed items of value, including a Coleman lantern and cook stove. They loaded the items in the trunk of defendant's car and returned to the road to Quincy. Defendant testified he was in the outhouse behind the cabin for 10 minutes. When he returned to his car, Smith and Ruby were loading various items into the trunk.

Adams County sheriff's deputies on routine patrol spotted defendant's car traveling on North Bottoms Road heading toward Quincy. After assisting another motorist, they attempted to catch up to defendant. The deputies drove at 105 miles per hour but never caught up to the defendant's car. They went to his home in Quincy and found his car parked in front of his home. A Coleman lantern sat on top of the car along with what appeared to be a blanket. Defendant remained on the porch of the house while two other men carried the items to the house.

Quincy police watched the house while the deputies returned to the levee area. There, they found the burglarized cabin and learned it belonged to Robert Voss. They summoned Voss, who identified items missing from the cabin. A search warrant was obtained and the defendant's house and car searched. None of the missing items were located in the house or car but police did find a Coleman lantern and a bag containing other items stolen from the Voss cabin in a garage behind defendant's house. The Coleman stove and bolt cutters were never located.

Defendant testified he ordered Smith and Voss to remove the stolen items from his home as soon as he learned they were stolen. He took the Coleman cook stove out of the trunk of his car, apparently fearing the imminent police search. He claimed he drove to Quincy at a high rate of speed because he has a "lead foot" and always drives well over the speed limit.

Defendant was convicted of residential burglary and burglary. He filed a timely notice of appeal and now contends the cabin was not a dwelling for purposes of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1—1 *et seq.*).

The Code defines "dwelling" for purposes of section 19—3. (Ill. Rev. Stat. 1987, ch. 38, par. 2—6(b).) The legislature amended the definition, effective January 1, 1987, and it now includes: "a house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners or occupants actually re-

side or in their absence intend within a reasonable period of time to reside." (Ill. Rev. Stat. 1987, ch. 38, par. 2—6(b).) Defendant contends this definition does not include cabins such as the one here because the owner did not reside there at the time of the offense and spent limited time there. We reject this argument. The circuit court, commenting on this issue, stated:

"Based upon the statutory definition, I think that it was, because the witness testified that he intended to be there the next weekend, so I think he intended to reside there, and he said he didn't always stay over, but most of the time did. So, I think it does fit the definition of a dwelling."

Testimony from the victim also indicates he had been there the weekend before the burglary. The burglary occurred in October. The victim testified he frequently stayed at the cabin during the fall and tried to go there once a week every week. This certainly falls within the "reasonable period of time" portion of the statutory definition.

An examination of the legislative history of the amendment to section 2—6(b) of the Code supports the circuit court's conclusion.

"[I]t was even brought to our attention by the Illinois Supreme Court in a number of cases that there's *** there should be a better definition to the dwelling house. We are having people prosecuted for residential burglary for breaking into *** into unoccupied buildings such as garages. Therefore, very simply, we have redefined dwelling to mean a house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners or occupants actually reside in or their *** in their absence intend within a reasonable period of time to reside. So that still covers, in my opinion, the vacation home; you intend to reside in that and if you burglarize that, you would still be committing residential burglary." 84th Ill. Gen. Assem., Senate Proceedings, June 18, 1986, at 66 (statements of Senator Sangmeister).

We conclude the cabin involved in this case was a dwelling within the meaning of section 2—6(b) and affirm defendant's conviction.

Affirmed.

GREEN and STEIGMANN, JJ., concur.